Filed 11/18/20  P. v. The North River Ins. Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H044543 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1496843) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY et al., | |
| Defendants and Appellants. | |

After a criminal defendant failed to appear at a change of plea hearing, the trial court filed a notice of forfeiture of the bail bond that had been posted and secured by defendants The North River Insurance Company and Bad Boys Bail Bonds (collectively, the surety).  The surety moved to vacate bail forfeiture before the end of the forfeiture period, but the trial court entered summary judgment forfeiting the bond before it heard argument on the motion.  The surety appealed the summary judgment but then also pursued its motion to vacate forfeiture in the trial court, which was ultimately denied.  The surety argues in this appeal that the trial court's entry of summary judgment was premature, and also that the bail bond should be exonerated because the trial court never entered a second summary judgment after denying the surety's motion to vacate forfeiture.  For the reasons stated here, we will reverse the summary judgment as premature and remand the matter for resolution of the motion to vacate bail forfeiture.

## I.    TRIAL COURT PROCEEDINGS

The surety issued a $25,000 bail bond[1] for a criminal defendant (Carlos Hernandez) in 2015.  Hernandez failed to appear at a hearing later that year, and the trial court issued a notice of bail forfeiture giving the surety 180 days to secure Hernandez's appearance.  The trial court later granted the surety's request for a 90-day extension.  Before the extension expired, the surety moved to vacate bail forfeiture and exonerate the bond based on various statutory grounds, or alternatively to further extend or toll the deadline to produce Hernandez.  The following day, without deciding the surety's pending motion, the trial court entered summary judgment on the bond at issue here.  The surety timely appealed.

The surety had also issued two other bail bonds for Hernandez in different cases that are not directly at issue in this appeal.  The trial court issued notices of forfeiture of those bonds, based on the same failure to appear that gave rise to the notice of forfeiture in this case.  (See *People v. The North River Ins. Co.* (2019) 41 Cal.App.5th 443, 446–447.)  The surety filed motions to vacate bail forfeiture in the other two cases on the same grounds as the motion filed in this case.

After filing the notice of appeal in this case, the surety filed numerous declarations and memoranda in the trial court related to its still pending motions to vacate forfeiture of the three bonds it had issued for Hernandez.  The trial court heard the three motions together, and denied them all.  The surety then moved in the trial court to vacate the summary judgment in this case—the judgment the surety had already appealed.  The trial court ultimately found it lacked jurisdiction to hear that motion due to the pending appeal.

---

[1]  We note that the surety's brief identifies it as bond No. T100-50476771, but the bond is referred to throughout the record as bond No. T50-50506283.

## II.   DISCUSSION

### A.   MOOTNESS

We invited supplemental briefing about whether the instant appeal is moot in light of the opinion in *People v. The North River Ins. Co.*, where a different panel of this court affirmed the same trial court's denial of the same surety's motion to vacate forfeiture of one of Hernandez's other bail bonds.  (See *People v. The North River Ins. Co.*, *supra*, 41 Cal.App.5th at p. 448 [concluding Hernandez's immigration status did not establish a temporary disability under the statute].)  Because that opinion was based on the same law and facts as this case, the surety can no longer rely on the legal theory decided in that appeal even if the summary judgment were reversed here.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)  But on remand the surety could raise other legal theories not addressed in the earlier appeal, so this appeal remains viable.  (See *Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888 [a case is not moot if a ruling by the court can provide effectual relief].)

### B.   THE JUDGMENT MUST BE REVERSED

The parties agree that the trial court erred by prematurely entering summary judgment while the surety's motion to vacate bail forfeiture was pending.  They disagree about the remedy for that error.  The surety argues the bond should be exonerated under Penal Code section 1306, subdivision (c), and the People argue the case should be remanded to allow the trial court to decide the motion to vacate bail forfeiture on the merits.

"While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature." (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.)  When a criminal defendant released on bail fails to appear, the trial court files a notice of bail forfeiture that provides the relevant surety 180 days to secure the defendant's appearance. (Pen. Code, § 1305, subds. (a)(1), (c)(1).)  On good cause shown, that 180-day period can

3

be extended by up to an additional 180 days. (Pen. Code, § 1305.4.) If the forfeiture is not set aside within the time limit set by the court, "the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (Pen. Code, § 1306, subd. (a).) If the trial court does not enter summary judgment within 90 days "after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (*Id.*, subd. (c).)

A surety may move to vacate bail forfeiture on various statutory grounds. (E.g., Pen. Code, § 1305, subds. (c)–(h).) When, as here, a motion to vacate bail forfeiture is timely filed before the end of the forfeiture period, a trial court must resolve the motion before entering summary judgment. Failure to decide the motion renders the summary judgment premature. (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 1003; accord *People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1076.) A summary judgment entered prematurely under Penal Code section 1306 is voidable rather than void because it does not "deprive the court of jurisdiction over the subject matter of the bail bond forfeiture or personal jurisdiction over the surety." (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 663.) A voidable summary judgment forfeiting a bail bond can be challenged either by moving to vacate the judgment in the trial court or by appeal. (*Id.* at p. 657.) If a surety decides to appeal before moving first in the trial court to vacate the judgment, proceedings in the trial court are stayed and the trial court loses subject matter jurisdiction over the judgment as well as "matters embraced therein or affected thereby." (Code Civ. Proc., § 916, subd. (a).)

We agree with the parties that the trial court erred when it entered summary judgment while the surety's motion to vacate bail forfeiture was pending, and the judgment must therefore be reversed. (See *People v. United States Fire Ins. Co.*, *supra*, 242 Cal.App.4th at p. 1003.) The surety argues that we must not only reverse the judgment but also declare the bond exonerated because the trial court never entered a

4

second summary judgment after it denied the motion to vacate bail forfeiture. But the trial court had already met the 90-day deadline of Penal Code section 1306, subdivision (c) by entering the original (albeit premature) summary judgment. When the surety elected to initiate this appeal of the judgment instead of first moving to vacate it, the trial court lost jurisdiction to act on both the pending motion to vacate bail forfeiture and the surety's later-filed motion to vacate the very judgment it had already appealed.

We conclude that the proper remedy is to reverse the judgment and remand the matter with instructions to consider the merits of the surety's motion to vacate bail forfeiture. The trial court must either grant the motion and vacate the bail forfeiture or deny the motion and enter summary judgment as required by Penal Code section 1306. We express no opinion on the merits of the surety's motion to vacate forfeiture.

## III.    DISPOSITION

The summary judgment entered June 1, 2016 as to bail bond No. T50-50506283 is reversed and the matter is remanded with instructions to consider the merits of the surety's motion to vacate bail forfeiture. Each party shall bear its own costs on appeal.

5

_____

Grover, J.

**WE CONCUR:**

_____

Elia, Acting P. J.

_____

Bamattre-Manoukian, J.

**H044543 -** *The People v. The North River Insurance Company et al.*