Filed 6/22/22  P v. Bankers Ins. Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BANKERS INSURANCE COMPANY,<br><br>    Defendant and Appellant. | D079054<br><br><br>(Super. Ct. No. 37-2021-00022474-CU-EN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Walter de Lorell, Senior Deputy County Counsel, and Liberty M. Sacker, Deputy County Counsel for Plaintiff and Respondent.

Bankers Insurance Company, acting through its agent All-Pro Bail Bonds (collectively Surety), posted a bond to secure the pretrial release of Martin Christopher Wiggins. Wiggins failed to appear as required at a readiness hearing, and the court continued the hearing to the next court day. When he again failed to appear at the continued hearing, the court declared bail forfeited. Surety moved to set aside the forfeiture, arguing the court lacked sufficient excuse to continue the original hearing and, as it did not order forfeiture then, lacked jurisdiction to forfeit bail thereafter when Wiggins did not appear at the continued hearing. Denying the motion, the court entered summary judgment against Surety on the bond. Surety appeals, reasserting the same claim.

Pursuant to Penal Code[1] section 1305.1, the trial court had discretion to continue the readiness hearing without forfeiting bail if it had "reason to believe that sufficient excuse may exist for the failure to appear." The record permitted such a finding here: defense counsel stated he had "maintained continual contact" with Wiggins throughout the pendency of the case and suspected his client might have confused two hearing dates for which he had been ordered to appear. Accordingly, the court did not lose jurisdiction to forfeit bail at the continued readiness hearing when Wiggins again failed to appear. Rejecting Surety's arguments to the contrary, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Wiggins was arraigned by video on a felony complaint charging him with residential burglary. He was ordered to appear at two upcoming hearings—a February 14 readiness hearing and a February 20 preliminary examination. The court remanded him to the sheriff's custody and set bail at

---

[1] Further undesignated statutory references are to the Penal Code.

2

$50,000. A week later, Surety posted a $50,000 bail bond to secure his release in exchange for guaranteeing his personal appearance at the readiness hearing.

Wiggins did not appear at the February 14 hearing. Defense counsel told the court that he had "maintained continual contact with [his client] throughout the case," had "spoken with him multiple times," and suspected he may have confused the two hearing dates. The court agreed to trail the matter from the morning to its afternoon calendar to give counsel an opportunity to call his client. The court called the matter again in the afternoon session, where it continued the readiness hearing to the next court day, February 18.

When Wiggins failed to appear on February 18, the court forfeited the bond. It subsequently granted Surety's request to extend the appearance period by 180 days.

In February 2021, Surety filed a motion to vacate forfeiture and exonerate bail. It argued that the trial court lost jurisdiction over the bond when it failed to declare forfeiture at the readiness hearing on February 14, 2020. The People responded that the court had discretion to continue a hearing without forfeiture if it had reason to believe a sufficient excuse for nonappearance may exist. Because the record supported such a finding, the People believed the court retained jurisdiction to order forfeiture at the continued readiness hearing. As to Surety's point that the court had no separate reason to continue the hearing after trailing it to the afternoon calendar, the district attorney argued that "[t]railing to the afternoon is different than the actual continuance because the court is still in session that day."

3

Agreeing with the People, the court denied Surety's motion, explaining it did not "find a sufficient difference between the morning and the afternoon." It later entered summary judgment against Surety on the bond.

DISCUSSION

Bail and forfeiture procedures aim to secure the accused's presence in court and obedience to court orders. (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).) The bail bond reflects a contract between the surety and the state in which the surety guarantees the defendant's appearance in court under risk of forfeiting the bond if a defendant fails to appear without sufficient excuse. (*Ibid.*)

Sections 1305 to 1308 establish specific procedures governing bail forfeiture. Trial courts must strictly comply with these procedures; any noncompliance is treated as a jurisdictional defect. (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 998−999.) "When a defendant facing criminal charges is released on bail and fails to appear as ordered or as otherwise required and does not have a sufficient excuse, a trial court must declare the bail bond forfeited." (*Safety National, supra,* 62 Cal.4th at p. 707; see § 1305, subd. (a).)[2]

---

[2] Upon forfeiture, the bond surety "has a statutory 'appearance' period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances requiring the court to vacate the forfeiture." (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657−658; § 1305, subds. (b)–(c).) This 185-day period may be extended by up to 180 additional days on a showing of good cause. (§ 1305.4) If the defendant is brought to court during that period, the forfeiture must be vacated and the bond exonerated. (§ 1305, subd. (c)(1).) But if the surety fails to produce the defendant, the court has 90 days within which to enter summary judgment against the surety in the amount of the bond plus costs. (§ 1306, subds. (a) & (c).)

"If the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*Safety National, supra,* 62 Cal.4th at p. 710.) But under a narrow exception, a trial court may "continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it 'has reason to believe that sufficient excuse may exist' for the defendant's failure to appear." (*Ibid.*, citing § 1305.1.[3])

This case turns on that exception. Wiggins failed to appear as required at the February 14 readiness hearing, and the court continued that hearing without declaring forfeiture. In Surety's view, it thereby lost jurisdiction to forfeit bail when Wiggins failed to appear at the continued hearing date.

A trial court must have some basis in fact reflected in the minutes or reporter's transcript to find sufficient excuse for a continuance under section 1305.1. (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 478 (*Bankers*).) Because often " 'the only reasons before the trial court are the evidence or representations furnished by defendant's counsel,' " courts rely "liberally" on representations by counsel. (*Id.* at p. 479.) Moreover, the statute requires only that a court believe sufficient excuse *may* exist; conclusive proof of an actual or valid excuse is not required. (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 135 (*Financial Casualty*), citing *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953

---

[3] Section 1305.1 provides: "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued."

(*Ranger Insurance*).)  While a "silent" record does not permit the court to find sufficient excuse to continue a hearing, "vague" representations by counsel may.  (*Bankers,* at p. 480; compare *People v. North River Insurance Co.* (2019) 37 Cal.App.5th 784, 797−798 (*North River*) [silent record provided "no rational basis for the trial court's implicit finding of sufficient excuse"] with *Ranger Insurance,* at p. 953 [court properly relied on counsel's representation that defendant's absence was so unusual that something must have happened]. )

"We review a trial court's finding of sufficient excuse for abuse of discretion."  (*Bankers, supra,* 69 Cal.App.5th at p. 479; see *Financial Casualty*, 14 Cal.App.5th at p. 134.)  Construing the record, we assess whether it "provides a rational basis for the trial court's finding that sufficient excuse may exist under the circumstances of this case."  (*Bankers*, at p. 481.)

Our analysis is straightforward.  Contrary to Surety's claim, this is not a silent record case.  When Wiggins failed to appear at the February 14 readiness hearing, his counsel informed the court that he had been in "continual" contact with him and "spoken with him multiple times."  Counsel suspected that Wiggins may have confused the February 14 readiness hearing with the February 20 preliminary examination at which he was also ordered to appear.  On this record, the court acted well within its discretion in continuing the readiness hearing based on a rational finding that "sufficient excuse may exist for the failure to appear." (§ 1305.1.)

*Financial Casualty* is analogous, and Surety fails to distinguish it. Defendant's bail in that case was set $30,000. (*Financial Casualty, supra,* 14 Cal.App.5th at p. 131.)  The court ordered the defendant to appear for an eligibility report on Supervised Pretrial Release (S.P.R.) on February 18, as

6

well as for a preliminary hearing on February 26. A surety posted a bond to secure the defendant's release. (*Ibid.*) When he failed to appear on February 18, counsel explained that he believed his client was procedurally confused for two reasons—his case was referred for S.P.R. before he was bailed out, and "two separate court dates had been set." (*Ibid.*) Crediting possible confusing circumstances, the court did not forfeit bail until later, when the defendant failed to appear at the next scheduled hearing. (*Ibid.*) Rejecting an argument along the same lines as the one advanced by Surety here, the reviewing court explained that the trial court had acted within its discretion in not forfeiting bail at the February 18 hearing. (*Id.* at p. 135.) It reasonably credited counsel's explanation that defendant failed to appear "due to the possible confusing issuance of two separate court dates, and the uncommon setting of bail and a referral to S.P.R." to find sufficient excuse may have existed to explain the nonappearance. (*Ibid.*)

*Ranger Insurance, supra,* 108 Cal.App.4th 945 is also instructive. The defendant in that case appeared at multiple pretrial hearings but then failed to appear at a continued trial date. When his case was called, his counsel noted that defendant "has never failed to appear in any proceeding ever" and was "usually here early." (*Id.* at pp. 948–949.) Counsel stated he had tried calling every number he had and was " 'concerned something has happened.' " (*Id.* at p. 949.) The trial court deemed this sufficient, continuing the trial date and commenting that the defendant " 'hasn't missed in the past,' " and there was " 'no reason to think otherwise yet.' " (*Ibid.*) This ruling was upheld on appeal. (*Id.* at p. 953.)

Here, as in *Ranger Insurance,* the trial court could reasonably credit counsel's assertion that he had maintained continual contact with Wiggins, suggesting something must have happened. (*Ranger Insurance, supra,* 108

7

Cal.App.4th at p. 953.)  It could likewise credit counsel's suggestion along the lines of that asserted in *Financial Casualty* that Wiggins may have confused two upcoming hearing dates.  (*Financial Casualty, supra,* 14 Cal.App.5th at p. 135.)  On this record, the court did not abuse its discretion in finding sufficient excuse to continue the readiness hearing to the next court day without forfeiting bail.  As a result, it did not lose jurisdiction to declare forfeiture on a later date when Wiggins failed to appear.

Surety suggests that while the record might have furnished sufficient excuse to continue the hearing to the afternoon session, "no factual basis was presented by the defendant or his representatives that provided a basis to continue the afternoon hearing without the forfeiture of bail."  While Surety is correct that "[a] nonappearance once excused does not constitute an excuse for subsequent nonappearances" (*People v. United Bonding Insurance Co.* (1971) 5 Cal.3d 898, 907), there was but a single continuance.  Wiggins failed to appear as lawfully required at the February 14 readiness hearing.  The case was called in the morning, and counsel offered comments that potentially excused his nonappearance.  By trailing the hearing to the afternoon calendar, the court did not *continue* the readiness hearing.  It was only after calling the case again that afternoon did the court continue the hearing.  Thus, no separate factual basis was required to excuse Wiggins's failure to appear at the afternoon session.

We further reject Surety's parallels to *North River, supra,* 37 Cal.App.5th 784.  Defense counsel in that case offered no reason for defendant's nonappearance but merely asked that it " 'be excused.' " (*Id.* at p. 789.)  The trial judge did not respond on the record to the request; notation in his hearing log stated, " '[w]aived Δ.' " (*Ibid.*)  Because this silent record offered "no rational basis for the trial court's implicit finding of sufficient

8

excuse," the defendant's nonappearance was without sufficient excuse, depriving the court of jurisdiction to declare a forfeiture at a later court date. (*Id.* at p. 798.) In reaching this result, the *North River* court distinguished *Financial Casualty*, noting that in that case the *record* (i.e., statements by defense counsel) furnished a reasonable explanation for the defendant's nonappearance. (*North River*, at p. 798.)

Here by contrast, defense counsel offered a reasonable explanation for Wiggins's failure to appear on February 14: he had been in constant contact with his client and believed Wiggins may have confused two hearing dates. Although Surety rejects this proffer as " 'mere speculation,' " "[e]ven vague assertions by defense counsel have been found to provide sufficient excuse. For example, a statement by defense counsel that he did not know why a defendant was not present, but the defendant had ' "never failed to appear in any proceeding ever [and] is usually here early" ' constituted sufficient excuse." (*North River, supra,* 37 Cal.App.5th at p. 797, citing *Ranger Insurance, supra,* 108 Cal.App.4th at pp. 948–949, 953.) It is true that a reviewing court may not speculate whole cloth as to a "mere *possibility* of sufficient excuse" where the record "belies any basis in fact" for such a belief. (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 28; see also *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 895 [reviewing court would not credit People's "belated explanation for a silent record"].) But that is not what happened.

The statute does not ask for certainty but merely a rational basis "to believe that sufficient excuse *may* exist for the failure to appear." (§ 1305.1, italics added; *Ranger Insurance, supra,* 108 Cal.App.4th at p. 953.) The record here furnished such rational basis. Consequently, by continuing the

9

hearing, the trial court did not lose jurisdiction to later declare a forfeiture of bail when Wiggins again failed to appear on February 18.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.


                                                                        DATO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.