Filed 4/3/15

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| COUNTY OF LOS ANGELES, | B251811 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ3866) |
| v. | |
| WILLIAMSBURG NATIONAL INSURANCE COMPANY, | |
| Defendant and Appellant. | |


        APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Reversed and remanded with instructions.

        E. Alan Nunez and Robert Tomlin White, for Defendant and Appellant.

        Office of the County Counsel, Ruben Baez, Jr., Assistant County Counsel, and Brian T. Chu, Principal Deputy County Counsel, for Plaintiff and Respondent.

Williamsburg National Insurance Company (Williamsburg) appeals from an order denying its motion to extend the 185-day forfeiture period for a bail bond and from summary judgment against Williamsburg on the forfeited bond. Williamsburg contends that the court deprived it of due process and the statutory right to a hearing by denying the motion without a hearing on the day it was filed. We agree that Williamsburg had a statutory right to an oral hearing, and the court erred in depriving Williamsburg of that right. We do not reach Williamsburg's due process argument. We therefore reverse and remand to the trial court with instructions to vacate summary judgment and hold an oral hearing on Williamsburg's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2012, Williamsburg executed a $200,000 bail bond, which was posted for the release of a criminal defendant. Following his release, the defendant was scheduled to appear in court on July 20, 2012 for a trial readiness hearing. The defendant failed to appear, and the court ordered the bond forfeited. On July 23, 2012, the court clerk mailed a bail forfeiture notice to Williamsburg. Under the notice and pursuant to Penal Code, section 1305,[1] Williamsburg had 180 days, plus five days for service by mail—until January 24, 2013—to surrender the defendant to custody or move to set aside the forfeiture. This 185-day period is commonly referred to as the exoneration period.

Williamsburg filed a motion to extend the exoneration period on January 22, 2013. On February 1, 2013, the court heard the motion and ordered the exoneration period extended 169 days to Saturday, July 20, 2013.[2]

On July 22, 2013—the first court day following July 20, 2013—Williamsburg filed its second motion to extend the exoneration period.[3] It noticed the motion to be

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    The court's minute order entry states, "Bail bond motion is continued to 7/20/13 at 8:30 a.m. in department EA-N." Both parties construe the order as granting an extension of the exoneration period.

2

heard on August 27, 2013.  Williamsburg filed the supplemental declaration of Investigator Ryan Smalls in support of its motion, in which Smalls described his investigation into the defendant's whereabouts.  He stated that on July 7, 2013 he received a request to locate and apprehend the defendant.  Smalls explained that he was being assisted by several fugitive recovery agencies, that surveillance had been established at multiple residences and phone lines, and that a witness had seen defendant in Sylmar during the weekend of July 13, 2013.  Smalls stated that further investigation was required, but he was confident that defendant was still in Los Angeles County.

The court denied the motion without a hearing on July 22, 2013, the same day it was filed.  The court's minute order states, "No good cause is set forth in the moving papers filed this date."  On August 9, 2013, the court entered summary judgment on the forfeited bond.  Williamsburg calendared a motion to reconsider its motion to extend the exoneration period on August 13, 2013, but it later took the motion off calendar without explanation.

Williamsburg timely appealed.

## DISCUSSION

### I.    STANDARD OF REVIEW

The trial court's ruling on a motion for extension of time under section 1305.4 is generally reviewed for abuse of discretion.  (*County of Los Angeles v. Fairmont Specialty Group* (2008) 164 Cal.App.4th 1018, 1028.)  "However, where, as here, we review the trial court's interpretation of a statute on uncontested facts, the issue concerns a pure question of law and is subject to de novo review.  [Citations.]"  (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.)

### II.    THE STATUTORY SCHEME

The term "bail" refers "to the undertaking by the surety into whose custody the defendant is placed that he will produce the defendant in court at a stated time and place.

---

[3]     Even though the extended exoneration period expired on Saturday, July 20, 2013, the parties agree that Williamsburg was entitled to file its motion on the next court day, Monday, July 22, 2013.  (Code Civ. Proc., § 12a.)

[Citations.] The popular meaning of 'bail' is simply that it is '[t]he security given for the due appearance of a prisoner in order to obtain his release from imprisonment.' [Citation.]" (*Sawyer v. Barbour* (1956) 142 Cal.App.2d 827, 833, overruled on another point in *McDermott v. Superior Court* (1972) 6 Cal.3d 693, 697.) The purpose of bail is to assure the defendant's attendance in court when his presence is required and his obedience to court orders and judgments. (*In re Underwood* (1973) 9 Cal.3d 345, 348; *People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 725 (*American Surety*).) "It does not have as a goal revenue for the state or punishment to the surety. [Citations.]" (*American Surety*, *supra*, 75 Cal.App.4th at p. 725.) The surety forfeits bail when it does not meet its obligation of producing the defendant at specified court proceedings. (See § 1305, subd. (a).)

"The statutory scheme governing bail forfeitures is found in Penal Code section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. [Citation.] Our task when interpreting the statutes is to ascertain the Legislature's intent; we are mindful that '"[t]he law traditionally disfavors forfeitures,"' and the provisions '"must be strictly construed in favor of the surety . . . ."'" (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.)" (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1074.) Thus, the Penal Code sections governing forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. (*Ibid.*)

"Section 1305, subdivision (a) requires the trial court to declare a forfeiture of bail if a defendant fails to appear at specified court proceedings without a satisfactory excuse. Where, as here, the amount of the bond exceeds $400, the clerk of the court is required to mail notice of the forfeiture to the bail agent within 30 days of the forfeiture. (§ 1305, subd. (b).)" (*People v. Granite State Ins. Co.* (2003) 114 Cal.App.4th 758, 762 (*Granite State*).) The surety has 185 days after service of the notice to move to vacate the

4

forfeiture (the exoneration period).[4] (§ 1305(b); *Granite State*, *supra*, 114 Cal.App.4th at p. 762.)

However, because the law disfavors forfeitures, a surety or other interested party may move the court to extend the exoneration period up to an additional 180 days under section 1305.4. (*People v. Accredited Surety and Casualty Company, Inc.* (2013) 220 Cal.App.4th 1137, 1147-1148 (*Accredited Surety*); *People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1199 (*Taylor Billingslea*).) "The 'extension is not automatic. [The surety] has to earn any additional time by a showing of good cause. That means an explanation of what efforts [it] made to locate [the defendant] during the initial 180 days, and why such efforts were unsuccessful.' [Citation.]" (*People v. Ranger Ins. Co.* (2007) 150 Cal.App.4th 638, 644.)

If the forfeiture has not been vacated by the end of the exoneration period, section 1306, subdivision (a) authorizes the court to enter summary judgment against the surety in the amount of the bond plus costs. The statute does not provide the surety with any further notice or opportunity to be heard before the court enters summary judgment. The court must enter summary judgment within 90 days of expiration of the exoneration period, or the bail is exonerated.[5] (§ 1306, subd. (c).)

---

[4] Forfeiture may be vacated under a number of circumstances. For instance, the court must, on its own motion, direct forfeiture to be vacated and the bond exonerated where one of the following conditions is met within the exoneration period: the defendant appears in court, the defendant is arrested in the underlying case, or the court is satisfied that the defendant is deceased or otherwise permanently unable to appear in court due to illness, insanity, or detention. (§ 1305, subds. (c) & (d).) If the court does not act on its own motion, the surety may move to vacate forfeiture within the exoneration period. (§1305, subd. (j).)

[5] Summary judgment becomes final 60 days after the clerk mails notice. (§ 1308, subd. (b); Cal. Rules of Court, rule 8.104(a)(1)(A); see also *People v. American Contractors Indem. Co.* (2004) 33 Cal.4th 653, 659, fn. 5 (*American Contractors*).) The prosecuting agency must demand payment within 30 days after judgment becomes final, and if the surety does not pay within 20 days of demand, the court must enforce the judgment in the manner provided for enforcement of money judgments generally. (§ 1306, subds. (d) & (e).)

Here, the court clerk mailed notice of forfeiture to Williamsburg on July 23, 2012. It had 185 days to either move to vacate the bond or move to extend the exoneration period. Williamsburg filed a motion to extend the exoneration period 183 days later, on January 22, 2013. The court heard the motion on February 1, 2013, and granted an extension of 169 days to Saturday, July 20, 2013.[6] Because Williamsburg could only obtain a maximum extension of 180 days (*Accredited Surety*, *supra*, 220 Cal.App.4th at pp. 1147-1148; *Taylor Billingslea*, *supra*, 74 Cal.App.4th at p. 1199), its second motion to extend, filed on July 22, 2013, could have extended the period for no more than nine days.[7] The court denied the motion without a hearing.[8] It then entered summary judgment within the 90-day period prescribed by section 1306, subdivision (c).

---

[6] Pursuant to section 1305, subdivision (j), such a motion must be filed within the exoneration period but can be heard up to 30 days after expiration of the exoneration period, and beyond that date upon a showing of good cause.

[7] County contends that Williamsburg only could have extended the exoneration period by one day. At oral argument, County argued that language in *Taylor Billingslea*, *supra*, 74 Cal.App.4th at p. 1199 requires that we count a section 1305.4 extension from the expiration of the initial 185-day exoneration period rather than from the date the court grants the extension. County further argued that *Taylor Billingslea* undercut the 1999 amendment to section 1305.4, which permitted courts to hear and decide motions to extend after expiration of the exoneration period. If this contention is accepted, 179 days would have passed by July 22, 2013 (January 24, 2013 to July 22, 2013). Thus, Williamsburg only could have obtained a one day extension to July 23, 2013.

We disagree with this argument, which strains credulity. *Taylor Billingslea* was decided before the California legislature enacted the 1999 amendment. We fail to see how a case decided before a statutory amendment became effective can provide any guidance on its interpretation.

We are bound by the language of section 1305.4, which states that the court may order the exoneration "period extended to a time not exceeding 180 days *from its order*." This plain text clearly states that any extension runs from the date the court issues an order granting an extension. (See *American Contractors*, *supra*, 33 Cal.4th 653, 658 ["The trial court may . . . extend the period by no more than 180 days *from the date the trial court orders the extension*, provided that the surety files its motion before the original 185–day appearance period expires and demonstrates good cause for the extension. [Citations.]"]. Emphasis added.)

Here, the court ordered Williamsburg's original exoneration period extended on February 1, 2013. We count Williamsburg's extension from that date. On July 22, 2013,

6

## III. THE STATUTORY RIGHT TO A HEARING

Williamsburg contends that sections 1305.4 and 1305, subdivision (j) establish the statutory right to a hearing, and that the court erred in denying its July 22, 2013 motion to extend the exoneration period without one. We agree.[9]

Section 1305.4 states: ". . . The court, upon a hearing and a showing of good cause, may order the [185-day] period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (j) of Section 1305. In addition to any other notice required by law, the moving party shall give the prosecuting agency a written notice at least 10 court days before a hearing held pursuant to this section as a condition precedent to granting the motion."

Section 1305, subdivision (j), referenced in section 1305.4, states: "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause. The motion may be made by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person through an attorney."

---

the date Williamsburg filed its motion, 171 days had passed. Thus, the court could have extended the period for nine more days.

[8] County argues that the motion was defective because Williamsburg noticed it for August 27, 2013, a date by which the court would have lost jurisdiction to hear it. Because section 1305, subdivision (j) provides that the motion may be heard within 30 days of the expiration of the exoneration period, and August 27 was 36 days after the expiration of the period, County maintains that the court would not have had authority to hear the motion. However, because Williamsburg either could have sought an extension of the 30-day period or sought to advance and recalendar the hearing (§ 1305, subd. (j); *People v. Aegis Sec. Ins. Co.*, *supra*, 130 Cal.App.4th at p. 1075, fn. 3), the motion was valid at the time it was denied.

[9] At oral argument, County for the first time argued that there is no statutory right to a hearing under section 1305.4 unless the surety's written submissions make a prima facie showing of good cause. Because there is nothing in the statute or case law that supports this argument, we reject it.

"The general principles that guide interpretation of a statutory scheme are well established. When assigned the task of statutory interpretation, we are generally guided by the express words of the statute. '"Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] To ascertain such intent, courts turn first to the words of the statute itself [citation], and seek to give the words employed by the Legislature their usual and ordinary meaning. [Citation.] When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. (Code Civ. Proc., § 1858.) The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute [citation], and where possible the language should be read so as to conform to the spirit of the enactment. [Citation.]"' [Citations.]" (*Taylor Billingslea*, *supra*, 74 Cal.App.4th at p. 1198.)

Here, section 1305.4 states that the court, "upon a *hearing* and showing of good cause," may order the exoneration period extended, and that the prosecuting agency must be given notice at least 10 court days "before a *hearing* held pursuant to this section." (§ 1305.4, emphases added.) Section 1305.4 incorporates subdivision (j) of section 1305, which states that a motion filed in a timely manner "may be *heard* within 30 days" of the expiration of the exoneration period. (§ 1305, subd. (j), emphasis added.) These references to "a hearing" and being "heard" are not dispositive of the right to an oral hearing. "California courts have concluded that use of the terms 'heard' or 'hearing' does not require an opportunity for an oral presentation, unless the context or other language indicates a contrary intent." (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1247.)

However, the statutes also state that "a motion may be filed and *calendared*," that notice must be given to the prosecuting agency "before a *hearing held* pursuant to this section," and that the moving party "may *appear* in person or through an attorney." (§§ 1305.4; 1305, subd. (j), emphases added.) In *Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1208 (*Brannon*), the court found that similar references in Code of Civil Procedure section 437c, subdivisions (a) and (b) "to a 'time appointed for hearing'

8

and 'date of hearing' . . . show the Legislature contemplated an oral hearing date would be part of the mandatory summary judgment procedures." We likewise conclude that the references to "calendared," a "hearing held," and "appear" suggest an appearance at a calendared oral hearing. When read in this context, the references to "a hearing" in section 1305.4 "are to the narrow meaning of the word 'hearing,' e.g., an 'oral' proceeding." (*Brannon*, *supra*, 114 Cal.App.4th at p. 1208.) Thus, in light of the express statutory language, we conclude that the Legislature intended the court to schedule an oral hearing at which time the parties would have a right to appear and argue their case for or against an extension of the exoneration period.[10]

We next consider the statutory context. "The statutory scheme applicable to summary judgment on bail bonds specifies time limitations that are mandatory and jurisdictional. [Citation.]" (*People v. Indiana Lumbermens Mutual Insurance Company*) (2014) 226 Cal.App.4th 1, 9.) After the exoneration period expires—and no timely filed motion to vacate forfeiture or extend the exoneration period is pending—the court lacks jurisdiction to do anything but enter summary judgment. (§ 1306, subd. (a); *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300–301.) The court must then enter summary judgment within 90 days. (§ 1306, subd. (c).) As a practical matter, when a court denies a section 1305.4 motion and the exoneration period expires, the denial triggers an essentially automatic process resulting in summary judgment. Thus, a hearing pursuant to its section 1305.4 motion is often a surety's only opportunity to be heard before entry of summary judgment. We conclude that an oral hearing is required in this context.

---

[10]    The County contends that Williamsburg was not entitled to an oral hearing based on *Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1111 (*Wilburn*), which states that "[t]he decision to listen to oral argument on a motion is within the discretion of the court, and the court may decide a motion solely on the basis of the supporting affidavits." *Wilburn* does not apply in the bond forfeiture context, where the statute requires a hearing. There, the court dismissed the complaint for failure to amend without a hearing. (*Id.* at p. 1109-1111.) Code of Civil Procedure section 581, subdivision (f)(2), which governs such dismissals, gives the court discretion to entertain oral argument or to decide the motion on the papers.

9

Finally, it is well accepted that the statutes that govern forfeiture of bail bonds must be strictly construed in favor of the surety because of the traditional abhorrence of forfeitures. (*People v. Harco Nat. Ins. Co.* (2005) 135 Cal.App.4th 931, 934; *People v. Aegis Sec. Ins. Co., supra,* 130 Cal.App.4th at p. 1074.) The finding that sections 1305.4 and 1305, subdivision (j) create a right to hearing complies with this requirement of strict construction.[11]

## IV. DUE PROCESS

Williamsburg also contends that the court's denial of its section 1305.4 motion without an oral hearing violated due process. We decline to address this argument because "'we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us.' [Citations.] As the United States Supreme Court reiterated, '[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.' (*Lyng v. Northwest Indian Cemetery Prot. Assn.* (1988) 485 U.S. 439, 445 [].) Applying that principle, the high court observed that if statutory relief had been adequate in the case before it, 'a constitutional decision would have been unnecessary and therefore inappropriate.' (*Id.* at p. 446 [].)" (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230-31.) Here, we have concluded that section 1305.4 provides Williamsburg with the right to oral argument. Therefore, we do not reach the question of whether due process independently provides Williamsburg with the same right.[12]

---

[11] We reject County's contention that Williamsburg waived its right to challenge the court's order by calendaring a motion for reconsideration and then requesting that the motion be taken off calendar. A motion for reconsideration under Code of Civil Procedure section 1008 is not mandatory and contains strict requirements that may not have been met here. Further, we are not aware of any authority, and County presents us with none, that supports the theory that a party waives the right to appeal by taking a motion for reconsideration off calendar.

[12] At oral argument, the parties agreed that we need not reach due process if the appeal could be resolved on statutory grounds.

10

## V. PREJUDICE

County contends that Williamsburg has not met its burden to affirmatively demonstrate prejudicial error. We are not persuaded.

"'A judgment may not be reversed on appeal, . . . unless "after an examination of the entire cause, including the evidence," it appears the error caused a "miscarriage of justice." (Cal. Const., art. VI, § 13.) When the error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. [Citation.]' [Citation.]" (*Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 677.) The appellant generally has the burden to demonstrate prejudicial error. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 307.)

However, "'[w]here the court activities violate a strict statutory command designed for the surety's protection,' prejudice need not be shown. (*People v. Resolute Ins. Co.* (1975) 50 Cal.App.3d 433, 437 []; *People v. Wilshire Ins. Co.* [(1975) 46 Cal.App.3d 216,] 220 [].)" (*County of Madera v. Ranger Ins. Co.* (1991) 230 Cal.App.3d 271, 279.) Accordingly, we conclude that Williamsburg need not show prejudice because the court violated a statute designed for a surety's protection.

11

## DISPOSITION

We reverse and remand to the trial court.  We order the trial court to vacate summary judgment and to strike its July 22, 2013 order denying Williamsburg's section 1305.4 motion.[13]  We instruct the court to hold an oral hearing on Williamsburg's section 1305.4 motion.[14]  Williamsburg is awarded its costs on appeal.

## CERTIFIED FOR PUBLICATION

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

---

[13]    We express no opinion on the merits of the court's order denying Williamsburg's motion.

[14]    At the hearing, the court shall evaluate Williamsburg's motion under the good cause standards of section 1305.4.  If the court grants the motion, it shall order the exoneration period extended a maximum of nine days from the date of the court's order. (§ 1305.4.)  If the court denies the motion, the exoneration period shall be deemed to have expired on the date of the court's order.

12