Filed 7/18/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLEGHENY CASUALTY COMPANY,<br><br>    Real Party in Interest and Appellant. | B268667<br><br>(Los Angeles County<br> Super. Ct. Nos. SJ4151, SJ4152,<br>SJ4153) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Kerry Bensinger, Judge.  Affirmed.

Law Offices of John Rorabaugh, John M. Rorabaugh and Crystal L. Rorabaugh for Real Party and Interest and Appellant.

Office of the County Counsel, Mary C. Wickman, County Counsel, Ruben Baeza, Jr., Assistant County Counsel and Joanne Nielsen, Deputy County Counsel for Plaintiff and Respondent.

_____

Under Penal Code section 1305.4,[1] a surety may move to extend a defendant's appearance period by 180 days upon a showing of good cause.  The trial court in this case granted an extension of 174 days, but denied a second extension motion.  On appeal, Allegheny Casualty Company argues it is entitled to an extension for the remaining six days.  Because more than 180 days had passed by the time of the hearing on Allegheny's second motion for extension, however, we conclude the trial court lacked the authority to order a further extension and properly denied the motion.  (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35 (*Financial Casualty*).)  We affirm the judgment.

PROCEDURAL HISTORY

Allegheny, through its agent, Nelly's Bail Bonds,[2] posted three bonds on September 12, 2014, for the release of co-defendants Jesse Ortega, Antonio Delgado, and Sergy Vagramian, who were charged with extortion in violation of section 520. None of the co-defendants appeared for arraignment on October 10, 2014, and bail was ordered forfeited.  Notices of forfeiture were mailed to Allegheny on October 14, 2014, specifying the appearance period for each co-defendant would end on April 17, 2015.  On April 14, 2015, Allegheny moved to extend the appearance periods under section 1305 to October 10, 2015.  On April 23, 2015, the motions were granted and the appearance periods were extended 174 days to October 14, 2015, which was 365 days after the notices of forfeiture were mailed.

---

[1]     All further section references are to the Penal Code unless otherwise specified.

[2]     For ease of reference, we will refer to Nelly's Bail Bonds and Allegheny collectively as Allegheny.

On October 13, 2015, Allegheny again moved to extend the appearance periods "on the grounds of Penal Code § 1305, § 1305.4, and that the court lost jurisdiction over the bond." Allegheny calendared the motions for a November 6, 2015 hearing.

At the hearing on November 6, Allegheny's counsel clarified it was seeking an additional 10 days after the "initial 170 day extension from the date of the order granted in those cases."[3] The People opposed, contending that existing case law[4] supported a holding that the surety had no more than 365 days after the bonds were forfeited to exonerate the bonds. October 14, 2015 was 365 days after the notices of forfeiture were mailed. After extensive argument, the trial court denied the motions on the ground that the appearance period had expired, reasoning, "the pendency of this motion would not have tolled the clock." Allegheny timely appealed in each case on November 20, 2015, and the appeals were consolidated. On November 23, 2015, notices of summary judgment were mailed to Allegheny.

---

[3] Allegheny submitted proposed orders reflecting an extension to October 10, 2015, which the trial court signed. However, the court's own case summaries show the extension for each defendant was actually granted to October 14, 2015. As a result, Allegheny erroneously requested a 10-day extension for Delgado and Ortega. This confusion has extended to the appeal, as we note below.

[4] At the time of the hearing, the California Supreme Court had taken up two cases addressing the issue of how to calculate extensions of the appearance period. Since the appeal, the high court has published its opinion on this issue, *Financial Casualty, supra*, 2 Cal.5th 35, which we discuss below.

**DISCUSSION**

Allegheny contends it was "deprived of 6 days of time that could have been used to locate these defendants."[5] Thus, it seeks an additional six-day extension of time on the bonds, which would result in an extension on Vagramian's bond and exoneration of the bonds for Ortega and Delgado.[6] We conclude no additional time was available to Allegheny.

## I. Standard of Review and Statutory Scheme

Because the pertinent facts are uncontested, the standard of review we apply to the trial court's interpretation of the statutory scheme is de novo. (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.)

A surety acts as the guarantor of a defendant's appearance in court by posting a bail bond, which is subject to forfeiture if the defendant fails to appear. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.) Once the clerk of the court mails a notice of forfeiture for the defendant's failure to appear in court, the surety has 185 days (180 days plus five days for mailing) to ensure the defendant's attendance. (§ 1305, subd.

---

[5] There is some confusion as to how many extra days Allegheny seeks on appeal. In its opening brief, for example, it contends it is entitled to an additional 11-day extension and three pages later, contends it was deprived of an additional six days. At oral argument, Allegheny's counsel confirmed it sought an additional six days. There are 174 days between April 23, 2015 and October 14, 2015. Given our determination that the appearance period had expired, however, a precise calculation is unnecessary.

[6] During the pendency of the appeal, Ortega appeared in the underlying case on February 17, 2016, and Delgado appeared on May 11, 2016.

(c).)  If the defendant appears within that time, commonly known as the appearance period, the court must vacate the forfeiture and exonerate the bond.  (§ 1305, subd. (c)(1).)

A surety may seek to extend the appearance period by filing "a motion, based upon good cause, for an order extending the 180-day period provided in . . . section [1305].  The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period.  The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (j) of Section 1305.  In addition to any other notice required by law, the moving party shall give the prosecuting agency a written notice at least 10 court days before a hearing held pursuant to this section as a condition precedent to granting the motion." (§ 1305.4.)

Subdivision (j) of section 1305, provides:  "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period.  The court may extend the 30-day period upon a showing of good cause. The motion may be made by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney."  Thus, subdivision (j) provides a tolling period of 30 days or more in which a timely motion for extension may be heard.  The primary question in this case is whether subdivision (j) of section 1305 applies to all motions to extend, regardless of how many individual extensions the court orders.  If it does, it appears a trial court may order the period extended to a time which exceeds 180 days from its initial order.

5

We are guided in our review of the statutory language by the California Supreme Court's recent decision in *Financial Casualty*, *supra,* 2 Cal.5th 35, which addresses how to calculate an extension to the appearance period. There, notice of forfeiture was mailed to the surety and the bail agent when the criminal defendant failed to appear as required. Five days before the expiration date of the initial 185-day appearance period, the surety filed a motion for extension pursuant to section 1305.4. The trial court granted the motion and extended the appearance period to August 1, 2013. (*Id.* at p. 40.) On August 1, 2013, the surety filed a second motion for an extension. The motion was heard and denied on August 26, 2013, in part because the trial court believed the total allowable extension time had run out. It entered summary judgment on the bond on September 4, 2013. (*Id.* at pp. 40-41.)

The high court rejected the People's argument that the maximum total allowable appearance period was the 185-day original period plus 180 days of extension, for a total of 365 days, running from the notice of forfeiture. (*Financial Casualty, supra*, 2 Cal.5th at p. 43.) Instead, the court held section 1305, subdivision (j), allows the extension motion to be heard up to 30 days after the end of the appearance period, and the hearing may be continued to a later date for good cause. (*Id.* at pp. 44-45.)

Under the plain language of section 1305.4, which allows the trial court to order an extension of up to 180 days "from its order," the extension period runs from the date of the extension order rather than from the date of expiration of the original appearance period. (*Financial Casualty*, at pp. 45-46.) The court found "that the 'order' referred to in section 1305.4's limit of extensions to 180 days 'from its order' is the first order extending

6

the period, rather than any subsequent order, and that the total allowable extension is thus limited to 180 days from the date of the first extension order, regardless of how many individual extensions the court orders." (*Financial Casualty, supra,* 2 Cal.5th at p. 46, fn. 2.)

Thus, "[t]he maximum extension that could have been ordered was for 180 days from that date [of the first extension order], ending on September 16, 2013. When the court heard the surety's second extension motion on August 26, 2013, therefore, it had the authority to order a further extension through September 16." (*Financial Casualty, supra,* 2 Cal.5th at p. 46.)

## II.     The Appearance Period Had Expired

Given the high court's holding in *Financial Casualty,* it is apparent the date with which we are most concerned is April 23, 2015, the date of the first extension order. Following the high court's analysis in *Financial Casualty,* the maximum extension that could have been ordered was for 180 days from that date, that is, October 20, 2015. As a result, we find that when the trial court heard Allegheny's second extension motion on November 6, 2015, it lacked the authority to order any further extensions.

We acknowledge that the *Financial Casualty* court did not expressly state that subdivision (j) of section 1305 did not toll the time period for subsequent extension motions to be heard. However, it is apparent that is what it intended. We are persuaded of this by two provisions in the opinion. First, the court concluded that the trial court "had the authority to order a further extension through September 16 [180 days from the first extension order]." (*Financial Casualty, supra,* 2 Cal.5th at p. 46.) If the court intended to apply the 30-day provision in subdivision (j) to a second motion to extend, it would have calculated the end

7

date differently and provided 30 or more days for a hearing. Instead, it chose a date certain that was 180 days from the first extension order without regard for additional hearings under subdivision (j).

Our conclusion is supported by the court's statement that "the total allowable extension is thus limited to 180 days from the date of the first extension order, regardless of how many individual extensions the court orders." (*Financial Casualty, supra,* 2 Cal.5th at p. 46, fn. 2.) Allegheny characterizes this statement as nonbinding dicta. However, "[e]ven if properly characterized as dictum, statements of the Supreme Court should be considered persuasive." (*United Steelworkers of America v. Board of Education* (1984) 162 Cal.App.3d 823, 835.) Additionally, such dictum should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic. (*Ibid.*) We find the Supreme Court's analysis on this issue in *Financial Casualty* to be both thorough and compelling.

Further, section 1305.4 specifies that the trial court may order an extension "not exceeding 180 days from its order." If subdivision (j) applied to add 30 days or more after the expiration of the 180-day extension period, the extension would necessarily exceed 180 days. Thus, we are convinced that the court meant what it said—the maximum extension period is 180 days from the first extension order. Applying those principles here, it is apparent the trial court properly denied the motion when it heard the matter on November 6, 2015, which is 197 days from the first extension order.[7]

---

[7] Allegheny argues this interpretation of the statutory scheme creates an unnecessary ambiguity in the jurisdictional

We are not persuaded to disregard Supreme Court authority by relying on cases cited by Allegheny: *People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991 (*United States Fire*), *People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349 (*Accredited*), or *County of Los Angeles v. Williamsburg National Ins. Co.* (2015) 235 Cal.App.4th 944 (*Williamsburg*). None of these cases decide the issue at hand.

In *United States Fire*, the court held an extension of time under section 1305.4 was measured from the date of a trial court's order granting an extension motion. (*United States Fire, supra,* 242 Cal.App.4th at p. 1003.) Because the 180-day period had not yet expired, the court held that summary judgment was premature when entered against the surety while its extension motion was pending. In reaching its conclusion, the court expressly declined to decide whether the gap of time from the expiration of the first extension motion until the determination of the second extension motion would itself be counted as part of the appearance period or not. (*Id.* at pp. 1009-1010.)

---

timelines to enter summary judgment under section 1306, subdivision (c). As an initial matter, this argument was raised for the first time in the reply brief and we need not consider it. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) In any case, we fail to see the ambiguity. Section 1306, subdivision (c), requires summary judgment to be entered "within 90 days after the date upon which it may first be entered." If a trial court grants an extension that is less than 90 days, the date upon which summary judgment may first be entered is the expiration of the extension period, unless a further motion is timely filed and heard. At the latest, summary judgment must be entered within 90 days after 180 days had passed from the first extension order.

9

The *United States Fire* court noted, however, that the disposition in *Williamsburg* arguably supported not counting the time gap. In *Williamsburg,* the court held the surety was entitled to an oral hearing on its second motion for extension, which had been summarily denied by the trial court on the same day it was filed. (*Williamsburg, supra,* 235 Cal.App.4th at p. 954.) It thus directed the trial court in its disposition to hold a full hearing on the section 1305.4 motion following remand and, if the trial court were to grant the motion, it was to order the appearance period extended by a maximum of nine days (i.e., the remainder of the 180-day period under § 1305.4) from the date of the trial court's order granting such motion. (*Williamsburg,* at p. 956, fn. 14.) We reject Allegheny's argument that *Williamsburg's* disposition is persuasive because the *Financial Casualty* court cited it and *United States Fire* with approval. *Financial Casualty* merely noted that it agreed with *Williamsburg's* and *United States Fire's* holding that the maximum extension is 180 days from the date of the first extension order. (*Financial Casualty, supra,* 2 Cal.5th at pp. 45-46.)

The disposition in *Williamsburg*, in any event, did not address the issue at hand, whether the surety was entitled to an additional 30 or more days under section 1305, subdivision (j), plus the nine remaining days under section 1305.4. It did note in the opinion that the surety "could only obtain a maximum extension of 180 days [citations], [thus] its second motion to extend, filed on July 22, 2013, could have extended the period for no more than nine days." (*Williamsburg, supra,* 235 Cal.App.4th at p. 951, fn. omitted.) This language comports with the holding in *Financial Casualty* establishing that the maximum extension period is 180 days, regardless of how many individual extensions

10

are granted and which disregards the 30-day tolling period specified in subdivision (j) of section 1305.

*Accredited* likewise fails to address the issue at hand. There, the court merely concluded the trial court abused its discretion in denying a section 1305.4 motion because the surety demonstrated good cause to extend the forfeiture period. (*Accredited, supra,* 137 Cal.App.4th 1356.)  Because the defendant was arrested within 180 days of the order denying the extension, the summary judgment was vacated and the bond exonerated.  (*Id.* at p. 1360.)  Contrary to Allegheny's contention, *Accredited* does not stand for the proposition that bail may be exonerated when a defendant has been returned to custody during the pendency of the appeal.  Both Ortega and Delgado were returned to custody well after the 180-day extension, unlike in *Accredited*.

## DISPOSITION

The judgments are affirmed.


**CERTIFIED FOR PUBLICATION**


BIGELOW, P.J.

We concur:



RUBIN, J.




GRIMES, J.

11