Filed 8/27/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BV 032686 |
| Plaintiff and Appellant, | ) ) | Central Trial Court |
| v. | ) ) | No. 0SJ2058 |
| FINANCIAL CASUALTY AND SURETY, INC., | ) ) | |
| Defendant and Respondent. | ) ) ) | **OPINION** |
| | ) ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael C. Small, Judge. Order Reversed.

Mary C. Wickham, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and David D. Lee, Deputy County Counsel, for Plaintiff and Appellant.

Law Office of John Rorabaugh, John Rorabaugh and Crystal L. Rorabaugh for Defendant and Respondent.

\*     \*     \*     \*

INTRODUCTION

Once a criminal defendant's bail bond is forfeited, and the statutory time to secure a defendant's attendance has expired without the forfeiture being set aside, the court may enter summary judgment "within 90 days after the date upon which it may first be entered" (Pen. Code, § 1306, subd. (c)). We hold that the only plausible reason for including the qualifying language "may be entered" is to ensure that the 90-day clock commences on the first subsequent day that the court is open for business.

The People of the State of California appeal the trial court's order vacating the summary judgment entered on a bail bond posted by an agent of Financial Casualty and Surety, Inc. (Financial Casualty). The People maintain the court erred in finding summary judgment on the bond was entered after expiration of the 90-day period specified in section 1306, subdivision (c). As discussed below, we agree and reverse.

BACKGROUND

On April 27, 2012, a defendant pled no contest to the charge of burglary and was placed on summary probation on several terms and conditions. When she failed to appear in court for a probation violation hearing, a $5,000 bench warrant was issued. Bail Hotline Bail Bonds, acting as Financial Casualty's agent, posted the bond for defendant's release from custody. The defendant again failed to appear. The court ordered the bond to be forfeited and the clerk mailed notice of forfeiture on March 22, 2016.

On September 22, 2016, Financial Casualty filed a motion to extend the 180-day section 1305, subdivision (c)(1), appearance period, and on October 21, 2016, the court granted an extension "until (and including) 03/22/17." On June 16, 2017, pursuant to section 1305.4, the court extended the period for an additional 28 days "until (and including) July 14, 2017."[1] The critical event underlying this appeal occurred on October 16, when the court entered summary judgment on the bond.

Financial Casualty filed a motion to set aside the summary judgment, pursuant to

---

[1]Unless otherwise indicated, all further date references are to dates in 2017.

section 1306, subdivision (c), which provides, if "summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." Financial Casualty noted the date upon which summary judgment "may first be entered" in this case was July 15 (the next calendar day after the end of the extension period); 90 days from that date was October 13; and summary judgment was entered on October 16, a day which was more than 90 days after July 15.

The People opposed the motion, arguing that, since July 15 was a Saturday, the court could not have entered summary judgment on that date, and the 90-day period began to run on Monday, July 17. The People maintained that 90 days from July 17 (October 14) was also a Saturday, and that Code of Civil Procedure section 12a, subdivision (a), extended the period to Monday, October 16, the date the court entered summary judgment.

The court conducted a hearing and granted Financial Casualty's motion. The court concluded "the 90-day period is absolute, beginning with the day after the appearance period expires" regardless whether the court is open on the date following the appearance period. The court vacated the entry of summary judgment, discharged the bond forfeiture, and exonerated the bond.

## DISCUSSION

"Because the pertinent facts are uncontested, the standard of review we apply to the trial court's interpretation of the statutory scheme is de novo. [Citation.]" (*County of Los Angeles v. Allegheny Casualty Co.* (2017) 13 Cal.App.5th 580 (*Allegheny Casualty*), 584; see also *T-Mobile West LLC v. City and County of San Francisco* (2019) 6 Cal.5th 1107, 1117 ["questions of law are subject to de novo review"].)

"A surety acts as the guarantor of a defendant's appearance in court by posting a bail bond, which is subject to forfeiture if the defendant fails to appear. [Citation.] Once the clerk of the court mails a notice of forfeiture for the defendant's failure to appear in court [pursuant to section 1305, subdivision (c)(1)], the surety has 185 days (180 days plus five days for mailing) to ensure the defendant's attendance. [Citation.] If the defendant appears within that time, commonly known as the appearance period, the court must vacate the forfeiture and

3

exonerate the bond. [Citation.]" (*Allegheny Casualty*, *supra*, 13 Cal.App.5th at p. 584.) Section 1305.4 provides, in relevant part, that "Notwithstanding [s]ection 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section."

If the surety fails to produce the defendant and the bond forfeiture has not been vacated by the end of the initial or extended appearance period, section 1306, subdivision (a), requires the court to enter summary judgment against the surety. This provision states, "When any bond is forfeited and the period of time specified in [s]ection 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound."

Section 1306, subdivision (c), sets forth a 90-day time limit for the court to enter summary judgment on bail forfeitures. The statute states, "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

Thus, under the statutory scheme, "[t]he court may only enter summary judgment when the appearance period 'has elapsed without the forfeiture having been set aside.' [Citation.] After the appearance period expires, the trial court must enter summary judgment against the surety within 90 days. [Citations.] If the trial court fails to enter summary judgment within 90 days after the date upon which it may first be entered, the trial court loses the authority to enter such a judgment and the bond is automatically exonerated. [Citation.]" (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1044, italics omitted.)

The forfeiture in the present case was not vacated during the extended appearance period that expired on July 14. It is undisputed that July 14 was a Friday, and the court was closed on the weekend and reopened Monday, July 17. (See Code Civ. Proc., §§ 134 [courts are closed on holidays], 135 [Saturday is a court holiday]; Gov. Code, § 6700, subd. (a)(1) [Sunday is a court holiday].)

4

It is clear that, if the 90-day period commenced on July 17, because the 90th day following July 17 was a Saturday, the court had until Monday, October 16, to enter summary judgment. (See Code Civ. Proc., § 12a, subd. (a) ["[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday"]; see also *People v. International Fidelity Insurance Co.* (2001) 92 Cal.App.4th 470, 475 [pursuant to Code Civ. Proc., § 12a, when a 180-day appearance period ends on a weekend or holiday, the time to file a motion to extend the period begins on the next business day], disapproved on other grounds by *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 663, fn. 7.)

At issue is the proper interpretation of section 1306, subdivision (c)'s provision requiring the court to enter summary judgment "within 90 days after the date upon which [summary judgment] may first be entered." We hold the 90-day period cannot commence on a date when a court is closed.

Admittedly, appellate opinions have calculated section 1306, subdivision (c)'s 90-day period starting with a Saturday. (See, e.g., *People v. America Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 659; *County of Los Angeles v. Ranger Insurance Co.* (1999) 70 Cal.App.4th 10, 16-17.) But, as pointed out by the People, since the issue on appeal in those opinions was not whether the 90-day period could commence on a weekend, they are not controlling or persuasive precedent. (See *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 ["an opinion is not authority for a proposition not therein considered"]; see also *People v. Mills* (2012) 55 Cal.4th 663, 680, fn. 12 [same].)

"Our primary task in construing a statute is to determine the Legislature's intent. [Citation]. Where possible, 'we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . .' [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733; *Boys & Girls Club of Petaluma v. Walsh* (2008) 169 Cal.App.4th 1049, 1057 ["[t]he first step in statutory construction "'is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning"'"].) """"If the language is clear and

unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature . . . .'" [Citation.]' [Citations.]" (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 419.)

The statute specifies the 90-day period starts on "the date upon which [summary judgment] *may* first be entered." The word "may" indicates that it is possible that an event can occur. (See <http://www.merriam-webster.com/dictionary/may> [as of Aug. 9, 2019] [indicating the word "may" is "used nearly interchangeably with *can*," and "may" is "used to indicate possibility"]; <http://www.collinsdictionary.com/us/dictionary/english/may> [as of Aug. 9, 2019] ["[y]ou use may to indicate that there is a possibility that something is true"]; see *Consumer Advocacy Group, Inc. v. Exxon Mobil Corp.* (2002) 104 Cal.App.4th 438, 444 ["[t]o determine the common meaning [of a word in a statute], a court typically looks to dictionaries"].) It would be absurd to interpret a statute as contemplating the entry of summary judgment on a date the court is closed.

"The date upon which [summary judgment] may first be entered" was not intended to be a weekend or holiday. Under the clear and unambiguous words of section 1306, subdivision (c), when the forfeiture of a bond is not vacated by the end of the court day on a Friday, the earliest that a court may enter summary judgment is the following Monday.[2]

The result we reach is consistent with the reasoning of appellate opinions which have held that, when a motion to vacate a bond forfeiture is filed prior to the expiration of an exoneration period, but is not ruled upon until after that period ends, the 90-day period to enter summary judgment starts when the motion is denied rather than when the motion to vacate is filed. (*People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 760-761; *County of Los Angeles v. Surety Insurance Co.* (1984) 152 Cal.App.3d 16, 24-25.) Although they did not examine whether a 90-day period commences on a weekend, the opinions noted "section 1306

---

[2]To be effective, summary judgment must be entered by the clerk. (See *County of Los Angeles v. Ranger Insurance Co.* (1994) 26 Cal.App.4th 61, 63 [judgment is entered by clerk in either register of actions or judgment book]; *Wilson v. Los Angeles County Employees Assn.* (1954) 127 Cal.App.2d 285, 289 ["Once a judgment has been rendered it is the duty of the clerk to enter it . . . . Until a judgment is entered it is not effectual for any purpose"].) However, the court generally does not conduct business on weekends and holidays. (See Code Civ. Proc., § 134.)

sets a 90-day time limit for the entry of summary judgment on bail forfeitures; if the court does not enter summary judgment *within 90 days of its first opportunity to do so*, its right to do so expires." (*County of Los Angeles v. Surety Insurance Co.*, *supra*, 152 Cal.App.3d at p. 24 (italics added); *People v. Granite State Insurance Co.*, *supra*, 114 Cal.App.4th at p. 767 [quoting *County of Los Angeles v. Surety Insurance Co.*, *supra*, 152 Cal.App.3d at p. 24].) A trial court's first opportunity to enter summary judgment on a bond, when the time to set aside a bond forfeiture expires on a Friday, is on Monday.

We recognize that "'[t]he law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citation.]'" (*People v. The North River Insurance Co.* (2018) 31 Cal.App.5th 797, 804.) Hence, bond statutes "must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. [Citation.]" (*People v. Surety Insurance Co.* (1985) 165 Cal.App.3d 22, 26.) Nonetheless, bedrock principles of statutory interpretation do not permit courts to rewrite statutes. "'It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed.' [Citation.] . . . [And, judicially modifying a statute] would violate the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citations.]" (*Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 998.) No persuasive reason exists to deviate from this rule in the case *sub judice.* We apply the clear words chosen by the Legislature to commence the start of the period, requiring the court "to enter summary judgment within 90 days after the date upon which it may first be entered" on a date the court is open and able to enter the order.

The court was authorized to enter summary judgment on October 16 because this date was within the period specified by section 1306, subdivision (c). The court erred in determining otherwise and in granting the motion to vacate summary judgment.

DISPOSITION

The court's order vacating summary judgment entered on the bond, discharging the bond forfeiture and exonerating the bond is reversed.  The People are to recover costs on appeal.

_____
Ricciardulli, J.

We concur:

_____               _____
Kumar, Acting P. J.                                    Richardson, J.